Mildred SIMPSON, et al.

v.

Captain Ike HINES of the Cleveland Police Department, Cleveland, Texas, et al.

Civ. A. No. B–88–00316–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 8, 1989.

See also 729 F.Supp. 526.

John E. Sherman, Houston, Tex., for plaintiffs.

Gilbert I. Low, Orgain, Bell & Tucker, Beaumont, Tex., and E.R. Norwood, Liberty, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

On November 3, 1989, a hearing was held on the motion of the eight individual

defendant police officers to reinstate the defense of qualified immunity struck by the court's order of October 19, 1989, and to either dismiss or grant summary judgment for the defendant police officers based upon the defense of qualified immunity. For the following reasons, the motion to reinstate the defense of qualified immunity is GRANTED, and the motion to dismiss, or in the alternative, for summary judgment, is DENIED.

## 1. THE MOTION TO REINSTATE

On October 19, 1989, the court heard the parties' arguments on the plaintiffs' motion to strike the defense of qualified immunity from the defendants' pleadings. Based on the evidence available at that hearing,[1] and the arguments of the parties, the court entered an order striking the defense of qualified immunity. The court indicated at that hearing that the plaintiffs would be given ten days to amend their pleadings, if they so desired. The court further notified the defendants that they could, when the plaintiffs' ten days to amend had passed, re-urge their motion for qualified immunity.

The plaintiffs chose not to amend their pleadings, and stand on the plaintiffs' second amended complaint. The defendants requested a hearing to re-urge their defense of qualified immunity, and that hearing was held November 3, 1989. The court finds that the defendants should be, and are, permitted to re-urge the defense of qualified immunity, and the court heard additional arguments on the question on November 3.

## 2. THE MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The court has reinstated the pleading of the affirmative defense of qualified immu-

nity by the eight individual defendant police officers, and has reviewed substantial evidence and heard considerable argument regarding the use of the defense. The court finds that the defense is not available to these police officers, and accordingly, the motion for summary judgment is denied.[2]

■ It is clear and well settled that when qualified immunity is raised as a defense, it is the trial court's duty to review the facts as alleged by the plaintiff, as well as any facts developed by discovery pertaining to qualified immunity. *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir.1987). The plaintiffs must have alleged and pled the facts with sufficient specificity to support their claimed constitutional violations. *Geter v. Fortenberry*, 849 F.2d 1550 (5th Cir.1988). Based upon the plaintiffs' specific allegations, and the additional discovered facts, the trial court "must be certain that if the facts alleged by the plaintiff are true, notwithstanding any credibility disputes with defendants, then a [constitutional] violation has clearly occurred." *Connelly v. Comptroller of the Currency*, 876 F.2d 1209 (5th Cir.1989). If the trial court is certain, then summary judgment based upon the defense of qualified immunity must be denied.

## A. THE PLAINTIFFS' PLEADINGS

■ The plaintiffs stand upon their second amended complaint. That complaint alleges the following facts:

1. Plaintiffs' decedent, Kenneth Earl Simpson, was taken into custody in Cleveland, Texas, on March 15, 1988;

2. Kenneth Simpson died while in custody, of asphyxia due to trauma to the neck;

3. The individual defendant police officers strangled, handcuffed, and flex-cuffed Kenneth Simpson;

---

1. That evidence is further discussed *supra* under the motion to dismiss, or in the alternative, for summary judgment.

2. The court treats this motion as only one for summary judgment, not for dismissal, because

summary judgment is the appropriate disposition of a case where qualified immunity is a valid defense. *Elliott v. Perez*, 751 F.2d 1472 (5th Cir.1985).

4. That one of the defendant police officers administered a choke-hold to Kenneth Simpson that the police officer knew would probably asphyxiate Kenneth Simpson;

5. That a second defendant police officer, who weighed 240 or more pounds, sat on Kenneth Simpson's upper body;

6. That Kenneth Simpson repeatedly begged for his life during the struggle in the jail cell.

This court finds that these facts are sufficiently specifically pled, and are distinguishable from the inadequate pleadings of *Brown v. Glossip*, 878 F.2d 871 (5th Cir. 1989). In *Brown*, the Fifth Circuit held that a bare allegation that an arrestee's arm was twisted behind his back during the arrest was not sufficiently pled to overcome the defense of qualified immunity. *Id.* In the instant case, the plaintiffs have pled numerous facts relating to the force used on Kenneth Simpson, and have pled those facts with specificity that indicates the defendant police officers could not reasonably have believed the force they used did not violate the Fourth Amendment. Alternatively, the facts as pled indicate that the defendant police officers used the force as punishment, in excess of that force needed for detention.[3]

## B. ADDITIONAL DISCOVERED FACTS

In addition to the facts specifically pled by the plaintiff, the trial court must consider facts obtained during discovery pertinent to qualified immunity in deciding whether the defense is available. *Connelly*, 876 F.2d at 1212. Extensive additional discovery has been had in this case. The court has considered the grand jury materials inspected *in camera*, tapes of the Texas Ranger interviews with the individual defendant police officers, and depositions of the individual defendants, as well as Texas Rangers Madera and Walker, provided by both sides. One of the more enlightening tapes was made by an officer in the Cleveland jail, and contains the voices of various of the defendants and of the plaintiff up until 1:30 a.m., when he was left in the cell, apparently unconscious. If the facts as alleged by the plaintiff are true, and considering the additional facts brought forth in discovery, it is clear to this court that a violation of the Fourth or the Fourteenth Amendments[4] occurred during Kenneth Simpson's fatal struggle with the defendant police officers.

### 1. The Fourth Amendment

■ This court relies on the three-prong test of the Fifth Circuit for excessive force claims under the Fourth Amendment. *Johnson v. Morel*, 876 F.2d 477 (5th Cir. 1989). First, Kenneth Simpson's injuries were obviously significant; if the plaintiffs' allegations are true, he died as a result of those injuries. Second, the injuries resulted directly from the use of force, and again taking the plaintiffs' allegations as true, the use of force was clearly excessive, since Kenneth Simpson was bound hand and foot. Third, the use of force was objectively unreasonable. If a reasonable police officer in the position of the defendant police officers would have known his or her use of force violated the clearly established law, it is objectively unreasonable. *Graham v. Connor*, —— U.S. ——, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). This court finds, taking the plaintiffs' allegations as true, that a reasonable police officer in the position of the defendant police officers, would have known that the actions taken in the jail cell violated clearly established law. According to the plaintiff, and in light of additional discovered facts, the police officers handcuffed and legcuffed Kenneth Simpson; they administered a chokehold; they sat on him; he was restrained by

---

**3.** It is disputed between the parties whether Kenneth Simpson was an arrestee or a pre-trial detainee. This court does not reach that question in denying the motion for summary judgment based on qualified immunity, because under either standard, the court finds qualified immunity is not available.

**4.** The Fourth Amendment was violated if Kenneth Simpson is ultimately characterized as an arrestee; the Fourteenth Amendment was violated if he is characterized as a pre-trial detainee.

eight officers; his pants were pulled down and his genital area searched with a pen flashlight; and he was left lying on the cell floor, his face a foot from the wall, still handcuffed and flexcuffed. The court finds this use of force, if true, violated the Fourth Amendment.

### 2. The Fourteenth Amendment

■ This court relies on the test enunciated by the United States Supreme Court to determine whether the conduct of these officers violated the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). If the force used amounted to punishment, it is a violation of the Due Process Clause of the Fourteenth Amendment. Detention alone is not a violation, but action taken without a rational alternative purpose, or taken in excess of that needed to effect the alternative purpose is a violation. *Id.* The court agrees that a search of an individual in custody is a rational alternative purpose for the defendant police officers' actions. However, the force used to effect even that purpose, assuming the plaintiffs' allegations to be true, was so excessive as to amount to punishment. The violent struggle, the numerous forms of physical restraint, and the nature of the search itself all lead this court to conclude that the officers' actions constitute a violation of the Fourteenth Amendment.

### CONCLUSION

The court finds that a constitutional violation certainly occurred, if the facts alleged by the plaintiffs are true. Summary judgment on the basis of qualified immunity is therefore DENIED.